# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHARLOTTE K. VINCENT** | : | **DOCKET NO. 05-1297** |
| **VS.** | : | **JUDGE MINALDI** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), the undersigned finds that the Commissioner's decision is not supported by substantial evidence in the record.

## BACKGROUND

Charlotte K. Vincent protectively filed an application for Disability Insurance Benefits on March 12, 2003. (Tr. 55-59). She alleged that she has been unable to work since January 13, 2003, due to severe pain, anxiety, fatigue, sleep disorder, morning stiffness, dizziness, loss of balance, and irritable bowel syndrome. (Tr. 55, 61). Her claim was denied at the initial level of the administrative process. (Tr. 24, 41-44). Thereafter, Vincent requested and received a September 15, 2004, hearing before an Administrative Law Judge ("ALJ"). (Tr. 345-365). However, in an October 28, 2004, written decision, the ALJ determined at Step Five of the sequential evaluation process, that Vincent was not disabled under the Act. (Tr. 12-21).

Vincent appealed the adverse decision to the Appeals Council. Yet, on May 20, 2005, the Appeals Council denied Vincent's request for review, and the ALJ's decision became the final decision of the Commissioner. (Tr. 9-11).

On July 20, 2005, Vincent filed the instant complaint to have this court review the denial of benefits. She alleges the following errors:

(1) the ALJ's residual functional capacity is not supported by substantial evidence and

(2) the ALJ erred in finding that plaintiff's non-exertional impairments do not significantly erode the ability to perform the full range of light work.

## **STANDARD OF REVIEW**

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented her from engaging in any substantial gainful activity for at least twelve consecutive months. 42 U.S.C. §§423(d)(1)(A) & 1381(a). A finding of no substantial evidence is appropriate only if no credible evidentiary

choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **LAW AND ANALYSIS**

The secretary evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Secretary's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit her to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Secretary to establish that the claimant can perform other work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

The ALJ found at Step Two of the sequential evaluation process that plaintiff suffered from severe impairments of fibromyalgia, irritable bowel syndrome, and depression. (Tr. 20). However, the impairments were not severe enough to meet or medically equal one of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. (16, 20). The ALJ next determined that Vincent retained the residual

functional capacity to perform a wide range of light work, with only occasional bending and stooping. (Tr. 18, 20).[1]

Plaintiff argues that the ALJ erred in his residual functional capacity assessment principally because he improperly discounted the opinions of her treating physicians. Indeed, plaintiff's treating physicians, Drs. Bruno and Mendez, completed attorney-provided questionnaires identifying limitations inconsistent with the demands of work at all exertional levels. (*See*, Tr. 242-249, 282-283, 285-290). The ALJ attempted to discount the assessments by plaintiff's treating physicians, and to instead credit the findings of two examining consultative examiners (one physical and one mental) and associated residual functional capacity assessments completed by non-examining agency physicians. (Tr. 118-146 ).

However, the facts of this case are materially indistinguishable from the district court's ruling in *Trahan v. Barnhart*, C. A. No. 02-1136 (W.D. La. 7/2/03). Here, as in *Trahan*, the ALJ failed to expressly discuss each of the §404.1527(d)(2) factors that *Trahan* held is mandated

---

[1] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

before declining to give any weight to the opinion of a treating physician. *Id*.[2]

We also observe that some of the reasons cited by the ALJ in support of his decision are not supported by the record. For instance, the ALJ misstated the conclusion of the consultant examiner, Dr. Eze. The ALJ stated that Dr. Eze found plaintiff to be "otherwise of sound *medical* condition." (Tr. 13, 15)(emphasis added). Whereas, Dr. Eze only stated that Vincent was "otherwise of sound *mental* condition." (Tr. 120)(emphasis added).

Furthermore, the ALJ discounted the opinions of plaintiffs' treating physicians because they were not supported by the balance of the record and were inconsistent with Vincent's activities of daily living. Yet, we point out that although plaintiff identified various activities of daily living that she performed such as cooking, going to the store, and doing light housekeeping, her statements also clearly established that such activities were performed on a limited and infrequent basis. (Tr. 61-79, 357-360).

The ALJ also mis-characterized a statement by Vincent that he believed was sufficient in and of itself to degrade her testimony. (Tr. 18). The ALJ stated that, "Ms. Vincent reported that her doctors told her not to discuss her Social Security claim, or they would hospitalize her. So, she had to deal with it herself." *Id*. Yet, we cannot find this statement in the record. Rather, the closest testimony that we found is plaintiff's response to whether she ever had thoughts of harming herself or others. (Tr. 361-362). She replied,

---

[2] We recognize that an ALJ is not required to apply the six § 404.1527(d) factors to a physician's opinion that a claimant is "disabled" or "unable to work," because these are not *medical opinions* as contemplated under the regulations. 20 C.F.R. § 404.1527(e)(1); *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003). Here, however, Drs. Bruno and Mendez provided specific limitations.

5

> "I have. When I get really deep and I don't do – I've had two or three sessions this year – I have thought of it. And the doctors told me don't – you don't talk about it. Don't talk – you know, they were very angry at me and said do not talk about it or we'll put you in the hospital. And I just had to grunt and bring myself out of it. Took awhile."

*Id*.

In sum, because the foundation for the ALJ's Step Five determination was premised upon a residual functional capacity that is not supported by substantial evidence, we necessarily find that the ALJ's ultimate conclusion that plaintiff is not disabled is likewise not supported by substantial evidence.[3]

For the foregoing reasons,

IT IS RECOMMENDED that this matter be REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. § 636(b)(1)©, the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

---

[3] We observe that the record contains references to treatment by Dr. Ayers. (Tr. 160, 164, 168). However, his treatment records do not appear in the administrative record. Upon remand, it may be beneficial to obtain his impression of the limitations imposed by plaintiff's impairments.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 12th day of June, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE